JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RAYMOND GUTIERREZ, | Case No. 2:21-cv-05679-MCS-JPR |
|---|---|
| Plaintiff, | **ORDER RE: MOTION TO REMAND (ECF NO. 17)** |
| v. | |
| FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Raymond Gutierrez moves to remand this case to the Los Angeles County Superior Court. (Mot., ECF No. 17-2.) Defendant Ford Motor Company opposes the motion, and Plaintiff filed a reply brief. (Opp'n, ECF No. 19; Reply, ECF No. 21.) The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for October 4, 2021.

I.  BACKGROUND

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Gutierrez bought a 2017 Ford Fusion (the "Vehicle") in December 2017. The Vehicle exhibited defects. Ford was unable to timely rectify the defects and refused to

1

repurchase the Vehicle or provide restitution. The Complaint seeks actual damages, restitution, a civil penalty, consequential and incidental damages, costs of suit and reasonable fees, rescission, punitive damages, and prejudgment interest. Gutierrez submits that he suffered damages "in an amount not less than $25,001.00." (*See generally* Compl., ECF No. 1-2.)

Gutierrez initiated this proceeding in the Los Angeles County Superior Court, No. 21STCV07199, naming Ford and Caruso Ford, the dealership, as defendants. Asserting diversity jurisdiction, Ford removed the case after Gutierrez voluntarily dismissed Caruso Ford, a nondiverse party. (Notice of Removal, ECF No. 1.)

## II.  LEGAL STANDARDS

### A.  Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.  Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by

a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. The amount in controversy is not clear from the face of the Complaint: Gutierrez expressly pleads for damages "not less than $25,001.00," but his prayer for relief does not indicate whether the total amount he seeks exceeds $75,000. (Compl. ¶¶ 14, Prayer.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Ford must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Ford submits three alternative calculations of actual damages: (1) the entire contract price, $29,663.46, because Gutierrez seeks the entire contract price of the Vehicle as a remedy; (2) the contract price less a mileage offset based on Gutierrez's first visit to a Ford dealership for "weird drips in paint," $25,583.14; and (3) the contract price less a mileage offset based on Gutierrez's second visit to a Ford dealership for repair of a defect of which he complains, $24,408.10. (Opp'n 9–13; *see also* Mortenson Decl. Ex. 2, ECF No. 19-3 (stating contract price); Mortenson Decl. Ex. 3, ECF No. 19-

4 (detailing claim history).)

Ford fails to meet its burden to show any of these calculations are appropriate. As Gutierrez explains, he complains of numerous defects, and he presented the Vehicle for repair of those defects on several occasions. (Reply 8 (citing Compl. ¶ 11).) Ford does not present evidence indicating why the contract price need not be offset by Gutierrez's use, as required by the SBA, or why the mileage offset should be based on the first visit to remedy an issue of which Gutierrez has not complained. Perhaps a mileage offset based on the second visit might be appropriate, but Ford does not adduce evidence showing why the mileage offset should be calculated based on that visit instead of Gutierrez's subsequent visits to fix other complained-of defects. If based on a later visit, the mileage offset would significantly diminish the measure of actual damages. (*See* Mortenson Decl. Ex. 3 (indicating Gutierrez sought repair of the Vehicle when the odometer read 504, 5,993, 15,332, 24,634, and 34,537 miles).) Ford fails to show by a preponderance of the evidence that no mileage offset, or a mileage offset based on the first or second repair visit, provides the proper measure of actual damages. At best, Ford's calculations of actual damages are speculative and self-serving.

### B. Civil Penalties

Gutierrez may be entitled to a civil penalty no greater than twice the amount of actual damages only if Ford's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

///

The Complaint alleges Gutierrez is entitled to a civil penalty. (*E.g.*, Compl. ¶¶ 15–16, 22, 25, 29, Prayer.) In support of its argument that the maximum civil penalty should factor into the amount in controversy, Ford points to Gutierrez's allegations of willful conduct. (Opp'n 13–14.) But Ford presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *Savall*, 2021 U.S. Dist. LEXIS 81477, at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded. . . . If such boilerplate allegations [in a complaint] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award.").

Even if Ford could support its argument for a civil penalty with evidence, because Ford fails to establish actual damages beyond speculation, Ford fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether

the amount-in-controversy requirement is met.").

Ford offers fee requests by Gutierrez's counsel in prior SBA cases in support of its counsel's estimate that fees here likely will exceed $50,000. (Opp'n 17–18; *see also* Mortenson Decl. ¶ 7, ECF No. 19-1.)[1] Neither Ford nor its counsel provides an explanation substantiating why this case will generate fees in that amount. Gutierrez's counsel submitted each of the fee requests Ford highlights after the parties expended significant time and resources litigating the dispute. *Chism v. FCA US, LLC*, No. CV 19-9082 FMO (PJWx), 2021 U.S. Dist. LEXIS 28591 (C.D. Cal. Feb. 16, 2021) (reviewing fee motion upon acceptance of Rule 68 offer after nearly two years of litigation); *Jurosky v. BMW of N. Am., LLC*, No. 19cv706 JM (BGS), 2020 U.S. Dist. LEXIS 154224 (S.D. Cal. Aug. 25, 2020) (same); *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2019 U.S. Dist. LEXIS 40655 (C.D. Cal. Jan. 11, 2019) (evaluating post-trial fee motion); *Zomorodian v. BMW of N. Am., LLC*, No. CV 17-5061-DMG (PLAx), 2019 U.S. Dist. LEXIS 213132 (C.D. Cal. July 23, 2019) (same). Ford "provides no explanation for why this case is similar to ones that went to trial." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). Even if requests in prior cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding

---

[1] The Court overrules Plaintiff's objections to this declaration. (Evid. Objs., ECF No. 21-1.)

burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

### D. Punitive Damages

Ford briefly argues in a footnote that Gutierrez's request for punitive damages should also be taken into account. (Opp'n 18 n. 5.) Ford presents no evidence from which the Court may divine an estimate of punitive damages.

### E. Summary

The amount in controversy is not clear from the face of the Complaint. Ford fails to present evidence establishing beyond speculation that the amount in controversy exceeds $75,000. Accordingly, Ford has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

The Court grants the motion. The case is remanded to the Los Angeles County Superior Court, No. 21STCV07199. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: September 27, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

7